## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEVENION SENTELL HILL, JR.,

**Plaintiff,**

v.                                                              **CASE NO. 23-3198-JWL**

(FNU) TERRAZAZ, et al.,

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Devenion Sentell Hill, Jr., a pretrial detainee who is housed at the Wyandotte County Detention Center (WCDC) in Kansas City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) His fee status is pending. (*See* Doc. 4.) The Court has reviewed the complaint and identified certain deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff time to file a complete and proper amended complaint curing these deficiencies. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to Plaintiff.

### I.   Nature of the Matter before the Court

Plaintiff names as Defendants Major (fnu) Terrazaz of the Wyandotte County Sheriff's Office; Deputy Sheriffs L. Slopski, (fnu) Jolly, M. Johnson, and (fnu) Ramirez; and Wellpath Medical, the WCDC "medical provider." (Doc. 1, p. 1-2, 4.) As the factual background for this complaint, Plaintiff alleges that when the Kansas City, Kansas Police Department brought him to WCDC[1], he was taken to intake and Defendant Slopski kneed Plaintiff in his right leg/thigh in

---

[1] On page 2 of the complaint, Plaintiff alleges this happened on March 1, 2023, but on page 3 of the complaint, he alleges this happened on May 1, 2023.

retaliation for Plaintiff "expressing [his First] Amendment right." *Id.* at 3. In March 2023[2], Defendants Johnson and Ramirez did not provide Plaintiff with food. *Id.*

Plaintiff has bipolar disorder. *Id.* at 7. On or around March 16, 2023, Plaintiff's medication was discontinued by the medical staff for "misuse of authorized medication." *Id.* at 7. At some point between May 25 and 28, 2023, Plaintiff spoke with mental health providers and the WCDC doctor, seeking to reestablish his medication. He began to receive the medication again the following day, but between June 12, 2023 and June 18, 2023, he "had a manic/mania episode" that led to Defendant Jolly citing him for "conduct which disrupts, disturbs or interferes with security or orderly operations," threatening an employee, battery, and refusing to obey or disobeying an order of a Sheriff's Office employee. *Id.* It appears that Plaintiff was on restriction at the time of the incident. *Id.* Finally, Plaintiff alleges that at 9:30 a.m. on June 29, 2023, Defendants Terrazaz and Slopski took Plaintiff to the medical unit and something may have occurred that led to Defendant Terrazaz filing criminal charges against Plaintiff. *Id.* at 2.

As Count I of the complaint, Plaintiff alleges that Defendant Slopski maliciously kneed him in retaliation for expressing his First Amendment rights. *Id.* at 3. As Count II, Plaintiff alleges that Defendant Johnson "went three days without feeding [Plaintiff]." *Id.* As Count III, Plaintiff alleges that when he arrived at WCDC, he informed Wellpath of his bipolar disorder and the medication he took for it, but after three days, his medication was stopped and it was not reinstated until late May 2023. *Id.* at 5. As relief, Plaintiff seeks injunctive relief; $48,000.00 in punitive damages; $35,000.00 in compensatory damages; and $16,000.00 in nominal damages. *Id.* at 8.

---

[2] On pages 2 and 3 of the complaint, Plaintiff alleges that he was not fed from March 6, 2023 through March 8, 2023. But on pages 6 and 7, Plaintiff alleges that the denial of food occurred beginning on March 3, 2023 and lasted three days but was "only [at] lunch time."

## II.     Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B); *Forney v. Oklahoma*, 172 F.3d 878 (10th Cir. 1999) (unpublished order and judgment) (applying 28 U.S.C. § 1915A(b)(1) to complaint brought by pretrial detainee). During this screening, the Court liberally construes this pro se amended complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III.    Discussion

### A.  Joinder

Some or all of the claims in the complaint are subject to dismissal because Plaintiff appears to have improperly joined parties and/or unrelated claims in this action. Federal Rule of Civil Procedure[3] 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001)(citation omitted). The Court of Appeals for the Seventh Circuit has explained that

---

[3] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

4

under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

It is not clear from the complaint that Plaintiff's multiple claims involve all named defendants or that his claims against all defendants arise from the same transaction or occurrence and involve common questions of law or fact. Thus, the complaint violates both Rule 18(a) and 20(a)(2). It names multiple defendants not shown to be connected to all claims raised in the complaint by a common occurrence or question of fact or law and it contains claims not related to other claims against different defendants.

Plaintiff therefore is required to file an amended complaint stating (1) only those claims that arise against a single defendant or, if he wishes to name multiple defendants, (2) stating only those claims that arise from the same transaction or occurrence and have common questions of fact or law. Put another way, Plaintiff should set forth in the amended complaint the occurrence(s) he will hereinafter pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly joined defendants and occurrences. Alternatively, Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of

transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

Although this deficiency by itself is enough to require an amended complaint, the Court will identify additional deficiencies in the original complaint which Plaintiff must cure in any amended complaint he files.

### B.  Personal Participation

This action is subject to dismissal as it is brought against Defendants Terrazaz and Jolly because the only three counts alleged in the complaint do not involve any direct allegations about these defendants' behavior. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Although Plaintiff alleges Defendant Terrazaz was present during the acts that led to Count I, he does not allege more, nor are Defendants Terrazaz or Jolly implicated in the supporting facts for the other two counts. For a supervisor to be held liable under § 1983, he or she must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

### C.  Failure to State a Claim

#### a.  Count I

Count I is subject to dismissal because Plaintiff has failed to allege sufficient facts to support a plausible claim for retaliation. "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his 'constitutional rights.'" *Smith v. Maschner*, 899

F.2d 940, 947 (10th Cir. 1990); *Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996). An "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10ᵗʰ Cir. 2006)(quotations and citations omitted); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). To prevail, a prisoner must show that the challenged actions would not have occurred "but for" a retaliatory motive. *Baughman v. Saffle*, 24 Fed. Appx. 845, 848 (10th Cir.2001)(citing *Maschner*, 899 F.2d at 949–50; *Peterson*, 149 F.3d at 1144)). Plaintiff "must allege more than his personal belief that he is the victim of retaliation." *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

> "To state a First Amendment retaliation claim, a plaintiff must allege '(1) he was engaged in constitutionally protected activity; (2) the [defendant's] actions caused [the plaintiff] injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the [defendant's] actions were substantially motivated as a response to [the plaintiff's] constitutionally protected conduct.'"

*Mocek v. City of Albuquerque*, 813 F.3d 912, 930 (10th Cir. 2015) (quoting *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009)). To show "substantial motivation," Plaintiff must "allege specific facts that, if credited, establish that 'but for' the defendant's improper retaliatory motive 'the incidents to which [Plaintiff] refers . . . would not have taken place." *See Allen v. Avance*, 491 Fed. Appx. 1, 6 (10th Cir. 2012) (unpublished) (quoting *Peterson*, 149 F.3d at 1144).

In the complaint now before the Court, Plaintiff makes only a conclusory allegation that he was the victim of retaliation by Defendant Slopski. To avoid dismissal of Count I, Plaintiff's amended complaint must allege sufficient facts to identify the constitutionally protected activity

he was engaged in, to show that being kneed caused injury that would chill a person of ordinary firmness from continuing the constitutionally protected activity, and to support a plausible claim that Defendant Slopski would not have kneed him but for a retaliatory motive.

### b.  Count II[4]

Liberally construed, Count II appears to assert a claim of unconstitutional conditions of confinement based on deprivation of food. The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. Appx. 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 (10th Cir. 2020).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez*

---

[4] In Counts II and III, Plaintiff does not so specifically identify the constitutional rights he believes were violated. "[T]o state a claim . . ., a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court liberally construes a pro se complaint. *Erickson*, 551 U.S. at 94. But the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74.

*v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id.* "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id.* It is not enough to establish that the official should have known of the risk of harm. *Id.*

The complaint now before the Court fails to allege sufficient facts to show a plausible claim for relief under the standards set forth above. It is unclear when the deprivation of food occurred, whether it was all meals or just lunches, and whether the deprivation involved deliberate indifference by Defendants or was merely the result of Plaintiff's choices. *See* Doc. 1, p. 6 ("Johnson gave me a chance to recollect [*sic*] myself to redeem my food but still being in an angry state I did not."). The sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation[, so] the 'circumstances, nature, and duration of the challenged conditions must be carefully considered.'" *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2011) (citation omitted). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the condition increases, the length of exposure required to make out a constitutional violation decreases. *Id.* In other words, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations . . . 'may meet the standard despite a shorter duration." *Id.* (citations omitted).

Because the facts alleged to support Count II are insufficient to support a plausible claim, Count II is subject to dismissal for failure to state a claim on which relief can be granted.

### c.   Count II

Similarly, Count III appears to be based upon the denial of medical care. Under the due process clause of the Fourteenth Amendment, a pretrial detainee is "entitled to the degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment. *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985). The Tenth Circuit applies the same standard of deliberate indifference to medical needs to claims brought under the Eighth Amendment by convicted prisoners and the Fourteenth Amendment by pretrial detainees. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

An inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. The "deliberate indifference" standard has two components, one objective and one subjective. *Martinez*, 430 F.3d at 1304. In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104-05; *Farmer*, 511 U.S. at 834. A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Martinez*, 430 F.3d at 1305.

The complaint now before the Court fails to allege sufficient facts to support a plausible claim that Plaintiff was unconstitutionally denied his medication. Plaintiff asserts that his medication was initially "discontinued due to 'misuse of authorized medication,'" and he concedes that the day after he spoke with staff "about re-establishing" the medication, he "began to receive" it again. (Doc. 1, p. 7.) Even liberally construing the complaint, there is no indication that any prison official had the required state of mind to support a plausible claim under the Fourteenth Amendment.

## D. Relief Requested

Plaintiff's request for $16,000.00 in nominal damages is subject to dismissal because "'[n]ominal damages are damages in name only, trivial sums such as six cents or $1" that do not purport to compensate for past wrongs" and "are symbolic only." *See Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1264 (10th Cir. 2004) (citation omitted).

Plaintiff should also be aware that in order to support his claim for compensatory damages, he must allege facts that show he suffered a physical injury or the commission of a sexual act. The Prison Litigation Reform Act (PLRA) provides in part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). As used in the PLRA, "prisoner" includes is "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). This provision of the PLRA "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). This statute applies regardless of the nature of the underlying substantive violation asserted. *Id.* Simply put, without "a prior showing of physical injury or the

commission of a sexual act," a prisoner plaintiff may not obtain compensatory damages. *Id.* at 878. Nominal and punitive damages, however, are not barred. *Id.* at 879.

In this context, "sexual act" requires genital contact or penetration. *See* 42 U.S.C. § 1997e(e); 18 U.S.C. § 2246(2). The PLRA does not define "physical injury." The current complaint alleges that Defendant Slopski kneed Plaintiff, but it does not further allege whether Plaintiff was injured by that action. Plaintiff must ensure in his amended complaint, if he continues to seek compensatory damages, to plead facts sufficient to support a request for this type of relief.

Punitive damages are available in a § 1983 lawsuit. However, punitive damages "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). The complaint now before the Court does not allege sufficient facts to support a plausible claim that punitive damages are warranted in this action. Although Count I asserts that Defendant Slopski kneed Plaintiff in retaliation for Plaintiff exercising his First Amendment rights, it does so in a conclusory fashion, without alleging specific facts. As noted above, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *See Hall*, 935 F.2d at 1110.

Finally, although Plaintiff also seeks injunctive relief, the complaint leaves unclear what type of injunctive relief could be effective in this action. Injunctive relief is appropriate where there is ongoing injury to Plaintiff or "'he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.'" *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)). In this matter, Plaintiff does not allege ongoing mistreatment related to any of the three counts asserted. Rather, the facts alleged

in the complaint reflect that he is no longer being denied food or medication. Thus, it is unclear how injunctive relief would have any effect on Defendants' behavior. *See id.*

### E. Conclusion

For the reasons set forth above, this action is subject to dismissal in its entirety. The complaint does not comply with the rules regarding joinder of parties and joinder of claims, it fails to allege sufficient personal participation by all Defendants, it fails to state a plausible claim on which relief can be granted, and it fails to allege sufficient facts to support the relief requested. and

Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. An amended complaint does not supplement earlier complaints; it completely replaces them. Therefore, any claims or allegations not included in the amended complaint will be no longer before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint.

Plaintiff must write the number of this case (23-3198) at the top of the first page of his amended complaint. He must identify only defendants who may be sued under § 1983 and he must allege sufficient additional facts to show that each defendant personally participated in the federal constitutional violations he alleges, as discussed above. He must clearly identify the constitutional right or rights he believes was violated. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum.

 If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated

herein. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including September 25, 2023, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 24th day of August, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge